Koke Thomas Eason, Sr. v. Commissioner.
Eason v. Commissioner
Docket No. 1440-65.
United States Tax Court
T.C. Memo 1967-47; 1967 Tax Ct. Memo LEXIS 213; 26 T.C.M. (CCH) 241; T.C.M. (RIA) 67047; March 16, 1967
Koke Thomas Eason, Sr., pro se, 3023 Bienville Dr., Jackson, Miss. Frederick T. Carney, for the respondent. BRUCE Memorandum Opinion BRUCE, Judge: The respondent determined a deficiency in the income tax of the petitioner for the calendar year 1962 in the amount of $120.31. The only issue presented is whether petitioner is entitled to a dependency exemption for his stepdaughter Sandra, who was under 18 years of age at the end of the year. All of the facts have been stipulated and *214 the stipulation, together with the exhibits attached thereto, is incorporated herein by this reference. The petitioner Koke Thomas Eason, Sr., is a resident of Jackson, Mississippi, and filed his individual income tax return for the calendar year 1962 with the district director of internal revenue at Jackson, Mississippi. On his return for 1962 petitioner claimed a dependency exemption for his stepdaughter Sandra Eason. Sandra was under 18 years of age at the end of 1962. She had lived with petitioner and his wife and was dependent upon petitioner for her entire support from the beginning of the year 1962 until November 15, 1962. On November 15, 1962, Sandra married Carl W. Clark, Jr. After the marriage, Sandra no longer lived with petitioner and his wife, but she and her husband maintained a separate residence for the remainder of that year. On or about March 18, 1963, Sandra Eason Clark and her husband, Carl W. Clark, Jr., filed a joint Federal income tax return, Form 1040A, for the taxable year 1962, with the district director of internal revenue at Jackson, Mississippi, whereon they showed a total income of $2,100.73, paid by two employers - $1,937.22 from Bausch & Lomb, Inc. *215 , Rochester, N. Y., and $163.51 from Times-Picayune Publishing Co., New Orleans, La., both employers of the husband. A personal exemption was claimed for both the husband and wife. It is petitioner's position that having furnished more than one-half the support of Sandra, his stepdaughter, who was under 18 years of age, during the year 1962, he should be entitled to a dependency exemption for her. Unfortunately, under the facts presented and the applicable statutes, he is precluded from claiming an exemption for her for that year. Respondent concedes that Sandra comes within the definition of a dependent as set forth in section 152(a)(2) of the Internal Revenuecode of 1954, which provides: SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) * * * (2) A stepson or stepdaughter of the taxpayer, * * * Section 1.152-1(c) of the Income Tax Regulations provides: *216 In the case of a child of the taxpayer who is under 19 or who is a student, the taxpayer may claim the dependency exemption for such child provided he has furnished more than one-half of the support of such child for the calendar year in which the taxable year of the taxpayer begins, even though the income of the child for such calendar year may be $600 or more. In such a case, there may be two exemptions claimed for the child: One on the parent's (or stepparent's) return, and one on the child's return. * * * This regulation would have been applicable had Sandra, even though married, filed a separate return. However, since Sandra and her husband filed a joint return, section 151(e)(2) of the Internal Revenue Code of 1954 precludes petitioner from claiming a dependency exemption for her. That section, insofar as pertinent, provides as follows.. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * * (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - * * * (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar *217 year in which the taxable year of the taxpayer begins, or (ii) is a student. (2) Exemption Denied in Case of Certain Married Dependents. - No exemption shall be allowed under this subsection for any dependent who has made a joint return with his spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins. (3) Child Defined. - For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer. * * * The joint return filed by Sandra and her husband cannot be considered as solely a "claim for refund" which would bring into effect Rev. Rul. 54-567, C.B. 1954-2, p. 108, inasmuch as the return indicates the husband had earned gross income in excess of $600. Consequently, this is not a case where neither Sandra nor her husband was required to file an income tax return for the year in question, in which event the return filed could be considered as solely a "claim for refund" of income tax withheld from wages. See also Rev. Rul. 65-34, C.B. 1965-1, p. 86, affirming Rev. Rul. 54-567, *218 and pointing out clearly that the only exception to the application of section 151(e)(2) is when a joint return is filed by the dependent and his or her spouse merely as a claim for refund and where no tax liability would exist for either spouse on the basis of separate returns. Such is not the case here. Accordingly, we sustain respondent's determination. Decision will be entered for the respondent.